**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| iGPS COMPANY LLC,[1] | ) Case No. 13-11459 (KG) |
| | ) |
| Debtor. | ) |
| | ) **Re: Docket No. 3** |

**ORDER AUTHORIZING AND APPROVING THE RETENTION
OF ALIXPARTNERS, LLC AS CLAIMS AND NOTICING AGENT
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") of iGPS Company LLC, debtor and debtor in possession (the "Debtor"), for an order authorizing the retention and appointment of AlixPartners, LLC ("AlixPartners") as Claims and Noticing Agent (the "Application");[2] as Claims and Noticing Agent ("Claims and Noticing Agent"), under 28 U.S.C. §156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f), and to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtor's case, and (iii) provide such other administrative services – as required by the Debtor – that would fall within the purview of services to be provided by the Clerk's Office; and upon the Monger Declaration submitted in support of the Application; and the Debtor having estimated that there are in excess of 200 creditors in this case, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize,

---

[1] The last four digits of iGPS Company LLC's federal tax identification number are 6297. The location of iGPS Company LLC's corporate headquarters and the service address is 225 E. Robinson Street, Suite 200, Orlando, Florida.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

MIAMI 977009

at the Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Claims and Noticing Agent has the capability and experience to provide such services and that Claims and Noticing Agent does not hold an interest adverse to the Debtor or the estate respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Claims and Noticing Agent is in the best interests of the Debtor, the estate and creditors; and sufficient cause appearing therefor; it is hereby

ORDERED, that, notwithstanding the terms of the Engagement Letter attached to the Application, the Application is approved solely as set forth in this Order; and it is further

ORDERED, that the Debtor is authorized to retain Claims and Noticing Agent effective <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date under the terms of the Engagement Letter, and Claims and Noticing Agent is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in this case, and all related tasks, all as described in the Application (the "Claims and Noticing Services"); and it is further

ORDERED, that Claims and Noticing Agent shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this case and is authorized and directed to maintain official claims registers for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

ORDERED, that Claims and Noticing Agent is authorized and directed to obtain a post office box or address for the receipt of proofs of claim; and it is further

ORDERED, that Claims and Noticing Agent is authorized to take such other action to comply with all duties set forth in the Application; and it is further

ORDERED, that the Debtor is authorized to compensate Claims and Noticing Agent in accordance with the terms of the Engagement Letter upon the receipt of reasonably detailed invoices setting forth the services provided by Claims and Noticing Agent and the rates charged for each, and to reimburse Claims and Noticing Agent for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Claims and Noticing Agent to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; and it is further

ORDERED, that Claims and Noticing Agent shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtor, the office of the United States Trustee, counsel for the Debtor, counsel for any official committee, monitoring the expenses of the Debtor and any party-in-interest who specifically requests service of the monthly invoices; and it is further

ORDERED, that the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Letter or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved; and it is further

ORDERED, that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Claims and Noticing Agent under this Order shall be an administrative expense of the Debtor's estate; and it is further

ORDERED, that Claims and Noticing Agent may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and

thereafter, Claims and Noticing Agent may hold its retainer under the Engagement Letter during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Letter; and it is further

ORDERED, that the Debtor shall indemnify Claims and Noticing Agent under the terms of the Engagement Letter; and it is further

ORDERED, that Claims and Noticing Agent shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and it is further

ORDERED, that, notwithstanding anything to the contrary in the Engagement Letter, the Debtor shall have no obligation to indemnify Claims and Noticing Agent, or provide contribution or reimbursement to Claims and Noticing Agent, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Claims and Noticing Agent's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of Claims and Noticing Agent's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Claims and Noticing Agent should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and it is further

4

ORDERED, that if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these cases, Claims and Noticing Agent believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Claims and Noticing Agent must file an application therefore in this Court, and the Debtor may not pay any such amounts to Claims and Noticing Agent before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Claims and Noticing Agent for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Claims and Noticing Agent. All parties in interest shall retain the right to object to any demand by Claims and Noticing Agent for indemnification, contribution or reimbursement; and it is further

ORDERED, that in the event Claims and Noticing Agent is unable to provide the services set out in this order, Claims and Noticing Agent will immediately notify the Clerk and Debtor's attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's attorney; and it is further

ORDERED, that the Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Claims and Noticing Agent but is not specifically authorized by this Order; and it is further

MIAMI 977009

ORDERED, that the Debtor and Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED, that, notwithstanding any term in the Engagement Letter to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

ORDERED, that Claims and Noticing Agent shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court; and it is further

ORDERED, that in the event of any inconsistency between the Engagement Letter, the Application and the Order, the Order shall govern.

Dated: June 6, 2013
Wilmington, Delaware

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE