IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| iGPS COMPANY LLC,[1] | ) Case No. 13-11459 (KG) |
| Debtor. | ) |

### DECLARATION OF JEFFREY M. SCHLERF IN SUPPORT OF APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(a) FOR AUTHORITY TO EMPLOY AND RETAIN FOX ROTHSCHILD LLP AS CO-COUNSEL FOR THE DEBTOR

Jeffrey M. Schlerf makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1. I am a partner at Fox Rothschild LLP ("Fox"), which maintains offices for the practice of law at, among other locations, 919 North Market Street, Suite 1600, Wilmington, Delaware, 19801. I am an attorney at law, duly admitted and in good standing to practice in the State of Delaware, as well as the United States District Court for the District of Delaware.

2. I submit this declaration in support of the application (the "Application")[2] of the above captioned debtor and debtor in possession (the "Debtor") for an Order approving the employment and retention of Fox as Delaware co-counsel in the above-captioned chapter 11 case (the "Case") and for the purpose of complying with § 327(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The last four digits of iGPS Company LLC's federal tax identification number are 6297. The location of iGPS Company LLC's corporate headquarters and the service address is 225 E. Robinson Street, Suite 200, Orlando, Florida.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3. Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Fox's completion of further analysis or as additional creditor information becomes available to Fox, a supplemental declaration will be submitted to the Court reflecting the same.

### Fox's Disclosures

4. Insofar as I have been able to ascertain, neither I, nor Fox, nor any partner of Fox, nor any attorney who is of counsel to Fox, nor any associate thereof, represents any other party in interest in this chapter 11 case, or its attorneys or accountants, except as hereinafter set forth. Further, Fox has no connection (as such term is used in Bankruptcy Code section 101(14) and Bankruptcy Rules 2014(a) and 5002(b)) with the Debtor, its creditors, and any other party in interest herein, the Debtor's current respective attorneys or professionals, the United States Trustee, any person employed in the Office of the United States Trustee, or the Honorable Kevin Gross, the presiding bankruptcy judge in this case, nor does Fox hold any adverse interest or represent any entity having an adverse interest in connection with the Debtor's Case except as disclosed herein.

5. To the extent set forth on Schedules A-1, A-2 and A-3 attached hereto, I, Fox, and certain of its partners, counsel, and associates may currently represent, or may have previously represented, and may in the future represent, persons, entities and their affiliates that are claimants, interest holders, other parties in interest, or professionals of the Debtor (and other professionals to be retained in this Case) in matters totally unrelated to the Debtor's pending chapter 11 Case. Schedule B attached hereto is a list of parties Fox searched in its database of clients and other parties.

6. Except as set forth herein, neither I, nor Fox, nor any partner, counsel, or associate, thereof, insofar as I have been able to ascertain, holds or represents any entity having an adverse interest to the Debtor or its estate in the matters upon which Fox is to be engaged in this Case.

7. Fox is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code in that Fox, its partners, counsel and associates:

    (a)    are not creditors, equity security holders, or insiders;

    (b)    are not and were not, within 2 years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

    (c)    do not have interests materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8. By reason of the foregoing, I believe that Fox is eligible for employment and retention by the Debtor pursuant to §327 of the Bankruptcy Code and the applicable Bankruptcy Rules.

### Fox's Retainer, Rates and Billing Practices

9. Fox intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. Listed below are the current hourly rates that Fox intends to charge the Debtor per hour for the legal services of its professionals:

    (a)    Partners: $350 - $795 per hour

    (b)    Associates: $150 - $440 per hour

    (c)    Paraprofessionals: $105 - $315 per hour

Other attorneys and paralegals will render services to the Debtor as needed. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

10. The hourly rates set forth above are Fox's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Fox for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Fox's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying, printing and scanning charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Fox will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Fox's clients.

11. Compensation agreed to be paid by the Debtor to Fox is to be for legal services rendered in connection with this Case. The Debtor has agreed to pay Fox for the legal services rendered or to be rendered by its various attorneys and paraprofessionals in connection with this Case on behalf of the Debtor. The Debtor also has agreed to reimburse Fox for its actual and necessary expenses incurred in connection with this Case.

12. Fox will make periodic applications to this Court for interim compensation in accordance with sections 330 and 331 of the Bankruptcy Code and any Orders of this Court governing such matters. Prior to the Petition Date, Fox received retainers totaling $55,624.86 (the "Retainer") from the Debtor. Fox received the Retainer as payment in advance for services performed by Fox. No portion of the Retainer was: (i) applied by Fox to outstanding invoices

sent to the Debtor prior to Fox's receipt of the Retainer; or (ii) otherwise used by Fox to satisfy an antecedent debt by the Debtor to Fox as of its receipt of the Retainer. Fox's remaining Retainer will be applied pursuant to interim compensation procedures approved in this Case. A summary of the payments made to Fox is included in Schedule C attached hereto.

13. No promises have been received by Fox or by any partner, counsel, or associate thereof as to payment or compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Fox has no agreement with any other entity to share with such entity any compensation received by Fox in connection with this chapter 11 Case, other than with the directors, counsel and associates of Fox.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 10, 2013

_____
Jeffrey M. Schlerf (No. 3047)

## Schedule A-1

**Current or past clients or affiliates thereof of Fox Rothschild LLP in either bankruptcy or non-bankruptcy matters unrelated to the Debtor's Case are parties in this case:**

1. Balmoral Financial
2. Bank of America
3. Branch Banking and Trust
4. Chartis Insurance Company
5. Chubb
6. Steve Marton
7. JP Morgan
8. Pegasus Capital Advisors LP
9. Terry Tamminen
10. Wal-Mart Stores, Inc.

## Schedule A-2

**Current or past clients or affiliates thereof of Fox Rothschild LLP in matters unrelated to the Debtor's Case who may be or were adverse to these parties in this case:**

1. Akin Gump Strauss Hauer & Feld
2. AT&T Mobility
3. Balmoral Companies
4. Bank of America
5. Chartis Insurance Company
6. Chubb
7. Houlihan Lokey
8. Joe Montana
9. JP Morgan
10. Pegasus Capital Advisors LP
11. Ryder Integrated Logistics (Ryder Transportation Services)
12. Verizon Wireless
13. Wal-Mart Stores, Inc.

## **Schedule A-3**

**Fox Rothschild is currently or has in the past served as a professional in bankruptcy cases where the following firms are or were professionals:**

1. Akin Gump Strauss Hauer & Feld
2. AlixPartners LLP
3. Houlihan Lokey
4. Pachulski Stang Ziehl & Jones
5. White & Case LLP
6. Womble Carlyle Sandridge & Rice, LLP

## Schedule B

| Debtor & Non-Debtor Affiliates (including certain former Affiliates and Prior Names) |
| --- |
| iGPS Company LLC |
| iGPS Company (Canada) LLC |
| iGPS Canada ULC |

| Current and Former Members |
| --- |
| Kelso Fund |
| Pegasus GP Member |
| Pegasus AIV |
| Pegasus Fund |
| Bobby L. Moore |
| KIA VIII (IGPS), L.P. |
| KEP VI AIV (IGPS), LLC |
| Pegasus Partners III (AIV), L.P. |
| Pegasus IGPS, LLC |
| Pegasus Investors III, L.P. |
| IGPS Co-Investment LLC |
| PP IV IGPS Holdings, LLC |
| IGPS Employee Participation, L.P. |
| Charles J. Lindsay |
| Arthur D. Sanders |

| Current and Former Officers & Managers of Debtor |
| --- |
| Richard DiStasio |
| Gary Glass |
| Walter Myers |
| Meredith Neizer |
| Phil Prain |
| Jack Sparn |
| Lewis Taffer |
| Rex Lowe |
| Michael Brannigan |
| Philip Berney |
| Chris Collins |
| Steve Dutton |
| Greg Gish |
| Steve Marton |
| Joe Montana |

| Current and Former Officers & Managers of Debtor |
| --- |
| David Cunningham |
| John Fletcher |
| Terry Tamminen |

| Lenders |
| --- |
| iGPS Logistics LLC |
| Crystal Financial LLC |

| Top 30 Creditors |
| --- |
| Ryder Intergrated Logistics |
| Schoeller Arca Systems Inc. |
| Belacon Pallet Services |
| Akin Gump Strauss Hauer & Feld LLP |
| Perkins Coie |
| Wal-Mart Stores Inc. |
| Salesforce.com |
| Arnold & Porter LLP |
| MWW Group Inc. |
| Microsoft Licensing Group |
| BB&T |
| Growth Squared Consulting LLC |
| Aps & Sons Trucking |
| International Appraisal Company |
| Rehrig Pacific Company |
| epc Solutions |
| Eallora LLC |
| Advantage Sales & Marketing |
| Mariani Nut Winter |
| Produce Marketing Association |
| Dell Marketing |
| Decision First Technologies Inc. |
| IFCO Systems |
| The Corr Group |
| Earthlink / Deltacom |
| Mertens Associates |
| Grocers Supply Co. Inc. |
| Woodford Logistics Co. |
| Asset Management Services Corporation |
| Food Marketing Institute |

| Other Parties |
| --- |
| Balmoral Funds LLC |
| One Equity Partners |
| Shoeller Arca Systems |
| Jeff Liebesman |
| Robert Leibesman |

| Utilities |
| --- |
| Bell Mobility |
| Comcast Cable |
| Sprint |
| AT&T |
| Verizon |
| AT&T Teleconference |
| Progressive Energy |
| Bell Canada |
| CenturyLink |
| Cable One |
| Charter Business |
| Chickasaw |
| Choice Cable TV |
| Comporium Communications |
| Earthlink |
| Deltacom |
| New Edge Networks |
| Fairpoint Communications |
| Frontier – Citizens Communication |
| Omnitel Communications |
| Reallinx |
| Telus Communication Company |
| Time Warner Cable |
| Velociter Wireless |
| Windstream |

| Insurance |
| --- |
| Aon |
| BB&T Insurance Services, Inc. |
| Blue Cross and Blue Shield of Florida, Inc. |
| Mutual of Omaha Insurance Company |

| Insurance |
| --- |
| Travelers |
| Chartis Insurance Company |
| Chubbs |

| Bank Accounts |
| --- |
| Bank of America, N.A. |
| JPMorgan Chase Bank, N.A. |

| Members |
| --- |
| Pegasus Partners III (AIV) L.P. |
| Pegasus iGPS LLC |
| iGPS Co-investment |
| Pegasus Partners IV |
| KIA VIII (iGPS), L.P. |
| KEP VI AIV (iGPS) LLC |
| Bobby Moore |

| Professionals |
| --- |
| Akin Gump Strauss Hauer & Feld LLP |
| Arnold & Porter LLP |
| Perkins Coie |

| Advisors |
| --- |
| Houlihan Lokey |
| Winter Harbor |

| Agent |
| --- |
| Bank of America, N.A. |

| Litigation Parties |
| --- |
| Bobby L. Moore |
| Shoeller Arca Systems |

| Contract/Lease Counterparties |
| --- |
| HIW-KC Orlando, LLC |

| Contract/Lease Counterparties |
|---|
| Hall 2600 Network Associates, LTD |
| Taft Holdings Inc. |
| Straubinger, Inc. |
| Hall Stonebriar Three Associates, Ltd |
| 1302 Melissa, LLC |
| Hexaware Technologies |

| Judges of the Delaware Bankruptcy Court |
|---|
| Kevin Gross |
| Kevin J. Carey |
| Brendan L. Shannon |
| Christopher S. Sontchi |
| Mary F. Walrath |
| Peter J. Walsh |
| Judith K. Fitzgerald |

| Office of the United States Trustee |
|---|
| Roberta DeAngelis |
| Thomas Patrick Tinker |
| David Buchbinder |
| Mark Kenney |
| David Klauder |
| Richard Schepacarter |
| Tiiara Patton |
| Juliet Sarkessian |
| Jane Leamy |
| Benjamin Hackman |

## Schedule C

### SUMMARY OF PAYMENTS

Retainer Deposit Received (total)                                  $55,624.86[1]

Payments Made

| Invoice Date | Invoice Amount | Payment Amount | Balance |
|---|---|---|---|
| 3/8/13 | $2,050.50 | $2,050.50 | $22,949.50 |
| 3/18/13 | $5,039.08 | $5,039.08 | $17,910.42 |
| 4/10/13 | $14,744.60 | $14,744.60 | $10,255.40[2] |
| 4/19/13 | $2,967.60 | $2,967.60 | $7,289.80 |
| 5/13/13 | $5,823.08 | $5,823.08 | $17,963.92[3] |
| 6/3/13 | $6,655.50 | $6,655.50 | $18,344.50[4] |
| 6/4/13 | $693.00 | $693.00 | $17,651.50[5] |

---

[1] In addition, on April 12, 2013 Fox received $1,213.00 for filing fees.

[2] Reflects retainer replenishment of $7,089.58.

[3] Reflects retainer replenishment of $16,499.20.

[4] Reflects retainer replenishment of $7,036.08.

[5] As of the date of the filing of this Application, Fox has not yet completed a final reconciliation of its prepetition fees and expenses, which may vary from the amount of the invoice. Upon final reconciliation of the amount actually expended prepetition, (i) to the extent any balance remains, it will be utilized as Fox's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code and (ii) to the extent there is any deficiency, Fox shall waive such deficiency. Fox's remaining Retainer, if any, will be applied pursuant to interim compensation procedures approved in this Case.