## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re | ) Chapter 11 |
| iGPS COMPANY LLC,[1] | ) Case No. 13-11459 (KG) |
| Debtor. | ) |
|   | ) Re: Docket Nos. 17, 234 |

### NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN
### CERTAIN EXECUTORY CONTRACTS AND INTELLECTUAL PROPERTY RIGHTS

PLEASE TAKE NOTICE THAT, on June 4, 2013, iGPS Company LLC (the "Debtor") filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT, on June 5, 2013, the Debtor filed a motion [Docket No. 17] (the "Sale Procedures Motion") with the Bankruptcy Court seeking, among other things, approval of certain procedures (the "Assignment Procedures") applicable to the identification and assumption of certain contracts (the "Assumed Contracts"), certain leases (the "Assumed Leases") and certain intellectual property rights (the "Intellectual Property Rights"), and assignment thereof, in connection with the Sale by which the Debtor intends to sell substantially all of its assets.[2]

PLEASE TAKE FURTHER NOTICE THAT, on July 3, 2013, the Bankruptcy Court entered an order (the "Order") granting the Sale Procedures Motion [Docket No. 234] and approving the procedures for the assumption and assignment of the Assumed Contracts, Assumed Leases and Intellectual Property Rights. A copy of the Order is attached hereto as Exhibit "A".

PLEASE TAKE FURTHER NOTICE THAT the Debtor intends to assume and assign to iGPS Logistics LLC (the "Purchaser") the Assumed Contracts, Assumed Leases and Intellectual Property Rights listed on Exhibit "B" annexed hereto pursuant to section 365 of the Bankruptcy Code.

---

[1] The last four digits of iGPS Company LLC's federal tax identification number are 6297. The location of iGPS Company LLC's corporate headquarters and the service address is 225 E. Robinson Street, Suite 200, Orlando, Florida.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Motion.

PLEASE TAKE FURTHER NOTICE THAT the Debtor has set forth on Exhibit "B" hereto the amounts due and owing, if any, under the Assumed Contracts and Assumed Leases through the date hereof (the "Cure Amounts"). The Bankruptcy Code requires that the Cure Amounts (which include any amounts owing on account of the Debtor's prepetition obligations under the Assumed Contracts and Assumed Leases) be paid in full to the parties owed such amounts upon the Debtor's assumption of the Assumed Contracts and Assumed Leases.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE ASSUMPTION BY THE DEBTOR AND ASSIGNMENT TO THE PURCHASER OF CONTRACT, LEASE, OR INTELLECTUAL PROPERTY RIGHT, INCLUDING TO THE VALIDITY OF ANY CURE AMOUNT AS DETERMINED BY THE DEBTOR OR TO OTHERWISE ASSERT THAT ANY OTHER AMOUNTS, DEFAULTS, CONDITIONS OR PECUNIARY LOSSES MUST BE CURED OR SATISFIED UNDER THE ASSUMED CONTRACTS AND ASSUMED LEASES (NOT INCLUDING ACCRUED BUT NOT YET DUE OBLIGATIONS) MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, AN "ASSUMPTION OBJECTION") SETTING FORTH WITH SPECIFICITY ANY AND ALL CURE OBLIGATIONS OR OTHER CONDITIONS WHICH SUCH PARTY ASSERTS MUST BE CURED OR SATISFIED WITH RESPECT TO SUCH CONTRACT, LEASE, OR INTELLECTUAL PROPERTY RIGHT <u>SO THAT SUCH ASSUMPTION OBJECTION IS ACTUALLY RECEIVED</u> BY** (i) the Debtor, c/o iGPS Company LLC, 225 E. Robinson Street, Suite 200, Orlando, Florida 32801 (Attn: Gary Glass); (ii) co-counsel to the Debtor, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.); (iii) co-counsel to the Purchaser, Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq.) and DLA Piper LLP, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (Attn: Craig V. Rasile); (iv) counsel to the DIP Lender, Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108 (Attn: Donald E. Rothman); (v) counsel for the Official Committee of Unsecured Creditors, McKenna Long & Aldridge, LLP, 303 Peachtree Street, Suite 5300, Atlanta, Georgia 30308 (Attn: Henry F. Sewell, Jr. and Gary Marsh); and (vi) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David L. Buchbinder). **BY JULY 12, 2013 (THE "OBJECTION DEADLINE").**

**PLEASE TAKE FURTHER NOTICE THAT, <u>EXCEPT AS LIMITED BY THE NEXT PARAGRAPH</u>, UNLESS AN ASSUMPTION OBJECTION IS FILED AND SERVED BY A PARTY TO AN ASSUMED CONTRACT OR ASSUMED LEASE OR A PARTY INTERESTED IN AN ASSUMED CONTRACT OR ASSUMED LEASE BY THE OBJECTION DEADLINE, ALL PARTIES WHO HAVE RECEIVED ACTUAL OR CONSTRUCTIVE NOTICE HEREOF SHALL BE DEEMED TO HAVE WAIVED AND RELEASED ANY RIGHT TO ASSERT AN ASSUMPTION OBLIGATION AND TO HAVE OTHERWISE <u>CONSENTED TO THE ASSUMPTION AND ASSIGNMENT</u> AND SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTOR, THE PURCHASER OR ANY OTHER**

**ASSIGNEE OF THE RELEVANT ASSUMED CONTRACT OR ASSUMED LEASE THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION OR ASSIGNMENT MUST BE SATISFIED, UNDER SUCH ASSUMED CONTRACT OR ASSUMED LEASE.**

PLEASE TAKE FURTHER NOTICE THAT Assumption Objections must set forth the cure amount or other obligation the objecting party asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment and the support therefor, if any.

PLEASE TAKE FURTHER NOTICE THAT if, as to any Assumed Contract, Assumed Lease or Intellectual Property Right, no Assumption Objection is received by the Objection Deadline, such Assumed Contract, Assumed Lease or Intellectual Property Right shall be deemed assumed by the Debtor and assigned to the Purchaser without further order of the Bankruptcy Court, effective as of the later of (i) the Objection Deadline or (ii) the payment of the applicable Cure Amount, if any, set forth in Exhibit "B" hereto. If an Assumption Objection is received by the Objection Deadline and the Debtor and/or the Purchaser is unable to resolve such objection consensually, the proposed assumption and assignment which is the subject of such Assumption Objection shall be subject to further order of the Bankruptcy Court and the Debtor and/or the Purchaser shall promptly schedule a hearing to consider such Assumption Objection.

PLEASE TAKE FURTHER NOTICE THAT hearings with respect to Assumption Objections shall be held on such date as the Bankruptcy Court may designate.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU AGREE WITH THE CURE AMOUNTS SET FORTH ON EXHIBIT "B" AND DO NOT OTHERWISE OBJECT TO THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF YOUR CONTRACT, LEASE, OR INTELLECTUAL PROPERTY RIGHT YOU NEED NOT TAKE ANY FURTHER ACTION.**

PLEASE TAKE FURTHER NOTICE THAT a complete copy of the Sale Motion may be obtained by (a) sending a written request to counsel to the Debtor, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.), or (b) accessing the website of the Debtor's claims and noticing agent, AlixPartners, LLP, at http://www.igps-info.com.

Dated: July 3, 2013

| | |
|---|---|
| John K. Cunningham | Jeffrey M. Schlerf (No. 3047) |
| Richard S. Kebrdle | John H. Strock (No. 4965) |
| Kevin M. McGill | L. John Bird (No. 5310) |
| Fan B. He | FOX ROTHSCHILD LLP |
| WHITE & CASE LLP | Citizens Bank Center, Suite 1600 |
| Southeast Financial Center | 919 North Market Street |
| 200 South Biscayne Boulevard, 49th Floor | Wilmington, DE 19801 |
| Miami, Florida 33131 | Telephone: (302) 654-7444 |
| Telephone: (305) 371-2700 | |
| Facsimile: (305) 358-5744 | |

# EXHIBIT A

(Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| iGPS COMPANY LLC, | ) Case No. 13-11459 (KG) |
| Debtor. | ) |
| | ) Re: Docket No. 17 |

**ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR; (B) APPROVING CERTAIN BID PROTECTIONS; (C) SCHEDULING AN AUCTION AND SALE HEARING; (D) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE IDENTIFICATION AND ASSUMPTION OF CERTAIN PRE-PETITION CONTRACTS AND INTELLECTUAL PROPERTY; AND (E) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION, SALE HEARING AND ASSIGNMENT PROCEDURES**

Upon the motion (the "Motion")[1] filed by iGPS Company LLC, as the debtor and debtor in possession in the above-captioned chapter 11 case ("iGPS", the "Debtor", or the "Seller"), for entry of (i) an order pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 6004-1 and 9006-1(c) of the Local Rules (the "Local Rules") of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (a) authorizing and approving bid procedures (the "Bid Procedures") to be employed in connection with the proposed sale (the "Sale") of substantially all of the assets (the "Purchased Assets") of the Seller to iGPS Logistics LLC ("Purchaser" and, together with Seller, the "Parties") or another bidder; (b) authorizing the Debtor to offer certain bid protections to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

MIAMI 968355 (2K)

Purchaser, including reimbursement of actual and documented out-of-pocket expenses incurred by Purchaser in connection with the Agreement in an amount not to exceed $400,000 (the "Expense Reimbursement") to be paid to Purchaser upon and subject to consummation of a sale with a party other than Purchaser; (c) scheduling an auction (the "Auction") and a hearing (the "Sale Hearing") to consider approval of the Sale; (d) authorizing and approving procedures (the "Assignment Procedures") to be employed in connection with the identification and assumption of certain contracts (the "Assumed Contracts"), leases (the "Assumed Leases") and intellectual property (the "Intellectual Property Rights"); and (e) approving the manner and form of notice of the Auction, the Sale Hearing and the Assignment Procedures, substantially in the forms attached hereto as Exhibit "2" (the "Sale Notice"), Exhibit "3" (the "Publication Notice") and Exhibit "4" (the "Assumption Notice"); and (ii) an order (the "Sale Order") pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6004 and 9008 and Local Rules 2002-1, 6004-1 and 9006-1 (a) approving that certain Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, and as may be amended from time to time, the "Agreement"), substantially in the form attached hereto as Exhibit "1", by and between Seller and Purchaser, pursuant to which Seller has agreed, among other things, to sell the Purchased Assets to Purchaser; (b) authorizing and approving the Sale of the Purchased Assets free and clear of all liens, claims, encumbrances and interests other than certain liabilities that will be assumed by Purchaser pursuant to the Agreement and certain Permitted Liens; and (c) granting related relief; and no previous motion for similar relief having been made; and it appearing that the Bankruptcy Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief

requested in the Motion is in the best interests of the Debtor and its estate and creditors; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, THE COURT HEREBY FINDS THAT:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Notice of the Motion having been given as described above, is timely, adequate, sufficient and proper under the circumstances.

C. The Debtor has articulated good and sufficient reasons for, and the best interests of the estate, creditors, employees, and other parties in interest and stakeholders will be served by, this Court granting certain of the relief requested in the Motion related to the Agreement, including approval of (1) the Bid Procedures, (2) the Assignment Procedures, (3) the Expense Reimbursement, and (4) the form, timing and manner of notice of the proposed Sale, the Bid Procedures, the Assignment Procedures and the other matters described herein, including the Sale Notice, the Publication Notice, and the Assumption Notice.

D. The payment of the Expense Reimbursement is an essential inducement and condition relating to the Purchaser's entry into the Purchase Agreement. The Expense Reimbursement (1) if triggered, shall be deemed to be an actual and necessary cost and expense of preserving the estate; (2) is reasonable and appropriate in light of the size and nature of the proposed Sale, the necessity to quickly consummate the Sale and resources that have been and will be expended by the Purchaser pending the Sale Hearing; (3) has been negotiated by the

parties and their respective advisors at arms' length and in good faith; and (4) is necessary to ensure that the Purchaser will continue to pursue the closing of the Sale.

E. Under the circumstances, and in light of the extensive prior marketing of the Purchased Assets by the Debtor, the Bid Procedures constitute a reasonable, sufficient, adequate and proper means to provide potential competing bidders with an opportunity to submit and pursue higher and better offers for all or substantially all of the Purchased Assets.

F. The Sale Notice is reasonably calculated to provide parties in interest with proper notice of the potential sale of the Purchased Assets, the related Bid Procedures, the Sale Hearing, the structure of the Sale and related implication on interested parties, including, without limitation, creditors, customers, suppliers and current and former employees.

G. The Assignment Notice is reasonably calculated to provide all counterparties to the Assumed Contracts, Assumed Leases, and Intellectual Property Rights with proper notice of the potential assumption and assignment of their executory contracts or unexpired leases, and Cure Payment Liabilities relating thereto and the Assignment Procedures.

H. Publication of the Publication Notice as set forth herein is reasonably calculated to provide all potential claimants and all unknown creditors and parties not otherwise required to be served with a copy of the Sale Notice pursuant to this Order with proper notice of the potential sale of the Purchased Assets, the related Bid Procedures and the Sale Hearing.

I. The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

J. Due, sufficient and adequate notice of the relief granted herein has been given to parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. All objections to the entry of the Bid Procedures Order not otherwise withdrawn are overruled.

3. The form of Agreement substantially in the form annexed hereto as Exhibit 1 is approved, subject to any timely responses and objections in the manner set forth in paragraph 9 below.

4. The following Bid Procedures shall govern the bidding and the Auction with respect to the Sale of substantially all of the Debtor's assets:

   a. Qualified Bids. Each competing bidder shall, on or before July 15, 2013, deliver to Seller: (a) a cash deposit of 10% of the cash purchase price (the "Deposit"), (b) reasonable proof acceptable to Seller, in consultation with the DIP Lender, of the interested party's ability to consummate a purchase of the Purchased Assets and assumption of the Assumed Liabilities, including copies of such party's annual, quarterly and monthly financial statements for the most recently ended fiscal periods, certified to be true, correct, and complete in all material respects and evidence of sufficient financing, and (c) an executed Asset Purchase Agreement on substantially the terms of, or on more favorable terms than those set forth in, the Agreement, which Asset Purchase Agreement shall (i) specify the amount of cash or other consideration offered by the competing bidder for the Purchased Assets, (ii) not be subject to unperformed due diligence, nor provide for an expense reimbursement or break-up amount, (iii) constitute an irrevocable offer by such competing bidder to complete its proposed purchase upon the terms set forth therein, and must be irrevocable until closing of the sale of the Purchased Assets to the Successful Bidder (defined below), (iv) seeks to acquire substantially all of the Purchased Assets; and (v) be accompanied by a marked-up version of such Asset Purchase Agreement reflecting changes from the Agreement (a "Qualified Bid"). Upon receipt the Seller shall distribute copies of all bids received to the Purchaser. Copies of all Bids received by the Seller shall be sent to the DIP Lender and its counsel within one (1) day of receipt.

   b. Qualified Bidders. Any initial overbid for the Purchased Assets must be in an amount (in cash) of at least $2,000,000 greater than the amount equal to the Purchase Price, and with each subsequent overbid providing an incremental amount of at least $250,000 of value to Seller, or such greater amount as designated by Seller from time to time in consultation with the DIP Lender. In the event that Seller shall reasonably determine that such bid is a higher and/or better bid than that set forth in the Agreement,

Purchaser shall have the right to amend the Agreement as necessary in its reasonable discretion in order to cause Purchaser's bid to be comparable to such higher and/or better bid. Purchaser shall be entitled to a credit bid for the full amount of the Break-Up-Fee and Expense Reimbursement in connection with any further bids made by Purchaser. Only those persons who have submitted a Qualified Bid in compliance with this Bid Procedures Order, the Purchaser, and, to the extent applicable, the DIP Lender, shall be a "Qualified Bidder." Each Qualified Bidder shall be invited to attend the Auction at the office of Seller's counsel, White & Case LLP, 200 South Biscayne Boulevard, Miami, Florida 33131, which Auction must be attended in person. /KGG

c.   The Auction. The Auction shall commence at 10:00 a.m. (Eastern Time) on July 16, 2013. The Purchased Assets shall be sold free and clear of all liens, claims, and encumbrances to the fullest extent allowed under section 363(f) of the Bankruptcy Code. The following rules shall govern the Auction:

   i. Subject to the limitations set forth in these Bid Procedures, the opening price at such Auction shall be the highest and/or best offer of a Qualified Bidder or of the Purchaser (if Purchaser amends the Agreement pursuant to the Bid Procedures).

   ii. Only Qualified Bidders, including the Purchaser, may bid at the Auction. If multiple Qualified Bids are received, each Qualified Bidder shall have the right to continue to improve its Qualified Bid at the Auction.

   iii. At the conclusion of the Auction, after consultation with the DIP Lender and subject to Court approval following the Auction, the successful bidder shall be selected and announced by the Debtor (the "Successful Bidder"), and the backup bidder shall be selected and announced by the Debtor (the "Backup Bidder").

   iv. If no Qualified Bids are received for the Purchased Assets, the Debtor may seek Court approval of the Agreement with the Purchaser without offering the Purchased Assets for sale at the Auction.

   v. The Auction may be adjourned from time to time without further notice other than an announcement of such adjournment by the Debtor at the Auction on the date scheduled for the Auction.

d.   Successful Bidder. The Seller may base the selection of the Successful Bidder and Backup Bidder on the following factors, among others: purchase price; liabilities assumed in the bid; and the markup of the Asset Purchase Agreement submitted with the bid. In consultation with the DIP Lender, the Debtor may (a) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Seller, its estate and creditors and/or (b) refuse to consider any bid that fails to comply with the Bid Procedures. After the determination of the Successful Bidder, Seller shall promptly execute the Asset Purchase Agreement

previously executed and submitted by such Successful Bidder, together with any changes thereto necessitated by the parties' actions at the Auction.

   e.  <u>Backup Bidder</u>. If the Successful Bidder fails to consummate the sale, breaches the Asset Purchase Agreement executed by the Successful Bidder or otherwise fails to perform, (i) the Seller may consummate the proposed sale with the next highest or best bidder at the Auction (i.e., the Backup Bidder), which hereafter shall be included in the definition of "Successful Bidder," without the need for further Court approval, (ii) the Seller will retain the Deposit of such bidder, and (iii) the Debtor will maintain the right to pursue all available remedies against such bidder. Notwithstanding anything to the contrary in these Bid Procedures, the Deposit of the Successful Bidder will be retained by the Debtor. Deposits of all other bidders will be retained by the Debtor until closing of the sale of the Purchased Assets to the Successful Bidder.

   5.  In the event that the Agreement is terminated as a result of a higher and better Qualified Bid from another Qualified Bidder, and a closing occurs and is concluded with a Successful Bidder other than Purchaser, then the Purchaser shall provide to counsel to the Debtor, the DIP Lender, the Official Committee of Unsecured Creditors and the Office of the United States Trustee (collectively, the "Expense Reimbursement Notice Parties") evidence of the actual out-of-pocket expenses incurred by Purchaser in connection with the Agreement for which the Purchaser is seeking payment as the Expense Reimbursement, including copies of any reasonably detailed invoices (redacted as may be appropriate). Any Expense Reimbursement Notice Party shall have fifteen (15) days after submission of such evidence by the Purchaser to assert an objection to payment of the Expense Reimbursement sought by the Purchaser. Provided no objection has been raised by any such Expense Reimbursement Notice Party within the time period provided for herein, the Debtor shall be authorized and directed without further order of the Court to pay the Expense Reimbursement, up to a maximum amount of $400,000. In the event an Expense Reimbursement Notice Party asserts an objection within the time period provided for herein, the Debtor shall be authorized without further order of the Court to pay the undisputed portion of the Expense Reimbursement, and any dispute with regard to amounts

objected to shall be resolved by the Court. Payment of the Expense Reimbursement shall be made only after the DIP Obligations are indefeasibly paid in full.

6. The Sale Hearing shall be held on July 19, 2013 at 11:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard, before the Honorable Kevin Gross, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. The Sale Hearing may be adjourned from time to time without further notice other than an announcement by the Debtor in the Bankruptcy Court of such adjournment on the date scheduled for the Sale Hearing.

7. The form of Sale Notice substantially in the form annexed hereto as Exhibit 2 and the form of Publication Notice substantially in the form annexed hereto as Exhibit 3 are hereby approved. The Debtor shall (a) serve within two (2) business days (by first class mail, postage prepaid) after entry of this Bid Procedures Order (the "Mailing Deadline"), the Sale Notice upon the Service Parties, and (b) on the Mailing Deadline, or as soon as practicable thereafter, submit for publication the Publication Notice on the website of the Debtor's claims and noticing agent, AlixPartners, LLP, at http://www.igps-info.com.

8. Notice as set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion as it relates to the Debtor's request for entry of the Sale Order, the Auction and the Sale Hearing, and no other or further notice of the Motion, the Auction and/or Sale Hearing shall be necessary or required.

9. Responses or objections, if any, to the entry of the Sale Order shall be filed with this Bankruptcy Court and served, so as to be actually received no later than July 12, 2013 at 4:00 p.m. (Eastern Time) on: (i) the Debtor, c/o iGPS Company LLC, 225 E. Robinson Street, Suite 200, Orlando, Florida 32801 (Attn: Gary Glass); (ii) co-counsel to the Debtor,

White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.); (iii) co-counsel to the Purchaser, Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq.) and DLA Piper LLP, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (Attn: Craig V. Rasile); (iv) counsel to the DIP Lender, Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108 (Attn: Donald E. Rothman); (v) counsel for the Creditors' Committee, McKenna Long & Aldridge, LLP, 303 Peachtree Street, Suite 5300, Atlanta, Georgia 30308 (Attn: Henry F. Sewell, Jr. and Gary Marsh); and (vi) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David L. Buchbinder).

10. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Bid Procedures Order.

11. The following Assignment Procedures shall govern the assumption and assignment of the Assumed Contracts, Assumed Leases and the Intellectual Property Rights in connection with the Sale of the Purchased Assets to the Purchaser (or such other Successful Bidder):

> a. Not later than fourteen (14) days prior to the Sale Hearing, Seller shall file with the Bankruptcy Court a list identifying the Assumed Contracts, Assumed Leases and Intellectual Property Rights and the amounts necessary to cure defaults under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights determined by Seller. Seller shall serve all counterparties to all Assumed Contracts and Intellectual Property Rights with the Assumption Notice, specifically stating that Seller is or may be seeking the sale, assumption and assignment of the Assumed Contracts, Assumed Leases and Intellectual Property Rights and notifying such parties of the deadline for objecting to

the amount of any Cure Payment Liability related to such Assumed Contracts, Assumed Leases and Intellectual Property Rights, as of July 16, 2013, which deadline is not less than three (3) Business Days prior to the Sale Hearing, so as to enable any such party to object to the proposed Cure Payment Liability and the Bankruptcy Court to determine such Cure Payment Liability as promptly as reasonably possible.

b. In cases in which Seller is unable to establish that a default exists, the relevant Cure Payment Liability shall be set at $0.00 in the Assumption Notice.

12. The form of notice of the Assignment Procedures, as set forth in this Order, substantially in the form annexed hereto as Exhibit 4, is hereby approved in all respects.

13. The notice referenced in the Assignment Procedures of (i) the Assumed Contracts, Assumed Leases and Intellectual Property Rights and the amounts necessary to cure defaults under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights determined by Seller and (ii) the deadline for objecting to the proposed Cure Payment Liabilities, shall constitute adequate and sufficient notice and no additional notice need be provided.

14. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bid Procedures Order.

Dated: July 3, 2013
Wilmington, Delaware

_____
The Honorable Kevin Gross
Chief United States Bankruptcy Judge

# Exhibit B

(List of Assumed Contracts, Assumed Leases, and
Intellectual Property Rights and Cure Amounts)

**Schedule of Proposed Cure Amounts**

| COUNTERPARTY | PROPOSED CURE COST | CONTRACT DESCRIPTION |
|---|---:|---|
| CHOBANI GREEK YOGURT-NEW BERLIN | $ 1,350.29 | Receiving and iDepot Agreement |
| COSTCO - AIRDRI AB | $ 1,615.95 | iDepot business agreement |
| COSTCO - ATLANTA #262 | $ 5,810.10 | iDepot business agreement |
| COSTCO - BRAMPTON ON | $ 3,843.25 | iDepot business agreement |
| COSTCO - MONROVIA MD | $ 6,476.70 | iDepot business agreement |
| COSTCO - ST BRUNO PQ | $ 3,299.21 | iDepot business agreement |
| COSTCO # 936 - TOLLESON | $ 4,685.10 | iDepot business agreement |
| COSTCO # 960 - MIRA LOMA | $ 15,555.00 | iDepot business agreement |
| COSTCO CANADA - LANGLEY BC | $ 1,450.17 | iDepot business agreement |
| COSTCO WEST PALM BEACH | $ 3,714.90 | iDepot business agreement |
| COSTCO WHOLESALE-DALLAS | $ 2,897.70 | iDepot business agreement |
| COSTCO WHOLESALE-MORRIS | $ 11,179.20 | iDepot business agreement |
| COSTCO WHOLESALE-SALT LAKE CITY | $ 10,260.00 | iDepot business agreement |
| COSTCO WHOLESALE-SUMNER | $ 15,533.70 | iDepot business agreement |
| COSTCO WHOLESALE-TRACY | $ 10,047.00 | iDepot business agreement |
| COSTCO-MONROE TOWNSHIP | $ 9,546.30 | iDepot business agreement |
| FAMILY DOLLAR - ASHLEY | $ 612.00 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - DUNCAN OK | $ 495.02 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - FT ROYAL VA | $ 269.60 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - MAQUOKETA IA | $ 429.79 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - MARIANNA FL | $ 491.91 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - MEMPHIS AR | $ 288.24 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - MOREHEAD KY | $ 308.60 | Receiving and iDepot Agreement |
| FAMILY DOLLAR - ODESSA TX | $ 217.01 | Receiving and iDepot Agreement |
| FAMILY DOLLAR STORES - ROME NY | $ 135.72 | Receiving and iDepot Agreement |
| FAMILY DOLLAR STORES INC- MATTHEWS | $ 327.55 | Receiving and iDepot Agreement |
| FAREWAY STORES - BOONE IA | $ 334.80 | Receiving and iDepot Agreement |
| FOOD LION - DISPUTANTA | $ 782.10 | Receiving and iDepot Agreement |
| FOOD LION - ELLOREE | $ 1,230.90 | Receiving and iDepot Agreement |
| FOOD LION - GREENCASTLE | $ 1,146.60 | Receiving and iDepot Agreement |
| FOOD LION - SALISBURY | $ 810.00 | Receiving and iDepot Agreement |
| FOOD LION - SALISBURY SALVAGE | $ 764.10 | Receiving and iDepot Agreement |
| FRESH AND EASY | $ 142.50 | Receiving and iDepot Agreement |
| GERAWAN FARMS-SANGER | $ 36,559.56 | Receiving and iDepot Agreement |
| GIANT EAGLE - BEDFORD HEIGHTS | $ 2,830.39 | Retailer agreement with respect to the receipt, use and return of pallets |
| HANNAFORD FOODS | $ 896.40 | Receiving and iDepot Agreement |
| HANNAFORD-SCHODACK LANDING | $ 514.50 | Receiving and iDepot Agreement |
| HEB | $ 11,987.58 | Retailer agreement with respect to the receipt, use and return of pallets |
| HEB HOUSTON | $ 4,040.51 | Retailer agreement with respect to the receipt, use and return of pallets |
| HEB SAN MARCOS | $ 2,022.43 | Retailer agreement with respect to the receipt, use and return of pallets |

**Schedule of Proposed Cure Amounts**

| COUNTERPARTY | PROPOSED CURE COST | CONTRACT DESCRIPTION |
|---|---|---|
| HEB TEMPLE | $ 4,448.53 | Retailer agreement with respect to the receipt, use and return of pallets |
| HEB WESLACO | $ 3,740.00 | Retailer agreement with respect to the receipt, use and return of pallets |
| HY-VEE | $ 1,924.38 | Retailer agreement with respect to the receipt, use and return of pallets |
| HYVEE CHEROKEE IA | $ 1,045.49 | Retailer agreement with respect to the receipt, use and return of pallets |
| INGLES MARKETS INC | $ 1,350.32 | Receiving and iDepot Agreement |
| KAMPS GRAND RAPIDS MI | $ 612.00 | Receiving and iDepot Agreement |
| MARSH SUPERMARKETS -INDIANAPOLIS | $ 1,029.65 | Receiving and iDepot Agreement |
| MCLANE - ATLANTA | $ 258.50 | Receiving and iDepot Agreement |
| MCLANE - CONTOOCOOK NH | $ 111.20 | Receiving and iDepot Agreement |
| MCLANE - DANVILLE IL | $ 617.71 | Receiving and iDepot Agreement |
| MCLANE - FREDRICKSBURG VA | $ 1,048.98 | Receiving and iDepot Agreement |
| MCLANE - HOUSTON TX | $ 236.26 | Receiving and iDepot Agreement |
| MCLANE - KISSIMMEE | $ 422.74 | Receiving and iDepot Agreement |
| MCLANE - LONGMONT CO | $ 528.24 | Receiving and iDepot Agreement |
| MCLANE - LUBBOCK | $ 326.30 | Receiving and iDepot Agreement |
| MCLANE - MANASSAS VA | $ 363.64 | Receiving and iDepot Agreement |
| MCLANE - MILWAUKEE | $ 290.19 | Receiving and iDepot Agreement |
| MCLANE - NICHOLASVILLE NY | $ 42.34 | Receiving and iDepot Agreement |
| MCLANE - NORTHFIELD MN | $ 500.03 | Receiving and iDepot Agreement |
| MCLANE - PLYMOUTH MI | $ 382.46 | Receiving and iDepot Agreement |
| MCLANE - RIVERSIDE CA | $ 48.54 | Receiving and iDepot Agreement |
| MCLANE - SHAWNEE | $ 284.31 | Receiving and iDepot Agreement |
| MCLANE - TEMPLE TX | $ 880.93 | Receiving and iDepot Agreement |
| MCLANE CINCINNATI | $ 139.68 | Receiving and iDepot Agreement |
| MCLANE FOOD AURORA CO | $ 128.58 | Receiving and iDepot Agreement |
| MCLANE FOOD MEMPHIS | $ 276.80 | Receiving and iDepot Agreement |
| MCLANE FOOD ORLANDO FL | $ 945.00 | Receiving and iDepot Agreement |
| MCLANE-GOODYEAR | $ 1.90 | Receiving and iDepot Agreement |
| MEIJERS - NEWPORT | $ 2,353.81 | Receiving and iDepot Agreement |
| MEIJERS-TIPP CITY | $ 3,380.86 | Receiving and iDepot Agreement |
| PLAZA PROVISION TOA BAJA | $ 252.00 | iDepot agreement |
| SAFEWAY - VONS - EL MONTE | $ 4,907.70 | Retailer agreement with respect to the receipt, use and return of pallets |
| SAFEWAY - VONS - SANTE FE SPRINGS | $ 3,729.60 | Retailer agreement with respect to the receipt, use and return of pallets |
| Sam's East, Inc. and Sam's West, Inc. | $ - | Reverse-logistics services agreement |
| SCHNUCKS BRIDGETON MO | $ 970.20 | Receiving and iDepot Agreement |
| Wawa, Inc. | $ - | Receiving and iDepot Agreement |
| Wegmans Food Markets, Inc. | $ - | Receiving and iDepot Agreement |
| WEIS MARKETS | $ 1,134.93 | Receiving and iDepot Agreement |

**Schedule of Proposed Cure Amounts**

| COUNTERPARTY | PROPOSED CURE COST | CONTRACT DESCRIPTION |
|---|---|---|
| WINCO FOODS - BOISE ID DC | $ 1,057.82 | Receiving and iDepot Agreement |
| WINCO FOODS - MODESTO DC | $ 3,060.48 | Receiving and iDepot Agreement |
| WINCO FOODS - WOODBURN DC | $ 1,585.83 | Receiving and iDepot Agreement |
| WINN DIXIE - HAMMOND LA | $ 970.20 | Receiving and iDepot Agreement |
| WINN DIXIE - JACKSONVILLE | $ 1,285.71 | Receiving and iDepot Agreement |
| WINN DIXIE - MIAMI | $ 1,373.23 | Receiving and iDepot Agreement |
| WINN DIXIE - ORLANDO | $ 1,319.09 | Receiving and iDepot Agreement |
| Imperial Wood Enterprise | $ 2,420.55 | Receiving and iDepot Agreement |
| Merchants Distributors Inc | $ 1,981.89 | Receiving and iDepot Agreement |
| Target Corporation | $ - | Agreement with respect to the receipt, use and return of pallets |
| Publix Super Markets, Inc. | $ - | Services agreement with respect to the receipt, use and return of pallets |
| ASSET MANAGEMENT SERVICES CORPORATION | $ 13,039.70 | Master recycler service provider agreement |
| APS & SONS TRUCKING | $ 52,456.00 | Master recycler service provider agreement |
| REHRIG PACIFIC COMPANY | $ 2,535.00 | Master recycler service provider agreement |
| SB Pallets | $ 6,973.25 | Master recycler service provider agreement |
| Taly Pallets | $ 1,776.10 | Master recycler service provider agreement |
| Salesforce.com | $ 1,500.00 | Master subscription agreement |
| EcoArk, Inc. | $ - | iDepot agreement |
| Nice Pak Products, Inc. | $ - | iDepot agreement |
| Sysco Corporation | $ - | Receiving and iDepot Agreement |
| CLUB CHEF CLUB | $ 270.00 | Receiving and iDepot Agreement |
| SunTrust Bank | $ - | 401(k) directed trustee agreement |
| TOTAL: | $ 307,221.03 | |